[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10913
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20524-ASG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO DESOUSA,
a.k.a. Pedro J. De Sousa,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 24, 2011)

Before WILSON, MARTIN, and BLACK, Circuit Judges.

PER CURIAM:

Pedro DeSousa appeals his 33-month sentence, imposed after he pleaded guilty to one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349. DeSousa contends that his sentence is substantively unreasonable. After review, we affirm.

## I.

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). In reviewing a sentence for reasonableness, we perform two steps. United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). First, we ensure that the district court did not commit significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51, 128 S. Ct. at 597.

If we conclude that no procedural error occurred, "the second step is to review the sentence's 'substantive reasonableness' under the totality of the circumstances, including 'the extent of any variance from the Guidelines range.'" Shaw, 560 F.3d at 1237 (quoting Gall, 552 U.S. at 51, 128 S. Ct. at 597).

"Although we do not automatically presume a sentence within the [G]uidelines range is reasonable, we 'ordinarily . . . expect a sentence within the Guidelines range to be reasonable.'" United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (quoting United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)) (alteration in original). "The party challenging the reasonableness of a sentence 'bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a).'" United States v. Flores, 572 F.3d 1254, 1270 (11th Cir. 2009) (quoting Talley, 431 F.3d at 788) (alteration in original).

DeSousa does not contend that the district court committed procedural error. Rather, he argues that his 33-month sentence, which was within his Guidelines' range of 27 to 33 months' imprisonment, is substantively unreasonable because it is greater than necessary to achieve the purposes of sentencing. However, DeSousa fails to offer any reason why the record does not support his sentence. Accordingly, DeSousa has not carried his burden of showing that his sentence is unreasonable. See Flores, 572 F.3d at 1270.

AFFIRMED.